**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OSSIE TRADER,          : | |
|    *Petitioner*,     : | |
|                                                                      : | CIVIL ACTION |
| v.            : | NO. 19-4019 |
|                            : | |
| UNITED STATES PAROLE COMMISSION,   : | |
|    *Respondent*.       : | |

<u>**MEMORANDUM**</u>

**JONES, II  J.**                                                                                                **November 19, 2020**

## I.  INTRODUCTION

On September 2, 2018, *pro se* Petitioner Ossie Trader ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) (ECF No. 1), which he amended and supplemented on December 20, 2019. (*See* First Motion to Amend, ECF No. 7).[1] Petitioner argues that the United States Parole Commission ("Respondent") failed to comply with 28 C.F.R. § 2.43(c) because Respondent granted him parole on July 13, 2013 and did not conduct a five-year termination hearing by July 3, 2018, as required by 18 U.S.C.§ 4214(c). As relief, Petitioner seeks early termination of his parole and release. For the reasons set forth herein, the petition for writ of habeas corpus shall be denied, and Petitioner's Motions to Amend (ECF Nos. 7, 10, 12, 13) shall be dismissed as moot.

## II.  FACTUAL BACKGROUND

Petitioner was convicted of bank robbery, bank larceny, armed bank robbery, and conspiracy to commit bank robbery in the Eastern District of Pennsylvania on April 7, 1983.[2]

---

[1] Petitioner filed four separate motions to amend on December 20, 2019 (ECF No. 7), January 21, 2020, (ECF No. 10), January 23, 2020 (ECF No. 12), and February 6, 2020 (ECF No. 13). Hereafter, the Court will refer to Petitioner's Motions as: First Motion to Amend (ECF No. 7); Second Motion to Amend (ECF No. 10); Third Motion to Amend (ECF No. 12); and Fourth Motion to Amend (ECF No. 13).
[2]  *See* Judgement and Probation Commitment Order, attached as Exhibit 1 to Government's Response.

As a result, he was sentenced to twenty-five years in prison, which were to run concurrently with the Pennsylvania state charges for which he was also sentenced to twenty years' incarceration. (*See* Judgment and Probation Commitment Order; Fourth Mot. Amend 2, ECF No. 13). Petitioner finished his state sentences and was subsequently transferred to the custody of the Bureau of Prisons ("BOP"), where his parole date was set for April 16, 1995. (*See* Gov't Resp., Exs. 2-3).

### III.  PROCEDURAL HISTORY

Petitioner's release was later advanced to March 16, 1994, and he was scheduled to remain on parole until March 20, 2008. (*See* Sentence Monitoring and Computation Data, attached as Exhibit 6 to Government's Response). Petitioner was released, but on December 13, 1994, Petitioner was arrested for violating his parole through robbery and criminal conspiracy. (Warrant Application, Exh. 8). In response, the Parole Commission elected to allow the Detainer to stand, with an estimated release date of November 9, 2012. (Dispositional Review order, Exh. 11). On April 2, 2013, the Parole Commission revoked parole with a re-parole date on July 3, 2013. (Notice of action May 16, 2013, Exh. 14).

Petitioner was in fact re-paroled from the case on July 3, 2013, but it was not a supervised release. Instead, he was re-paroled to the State of Pennsylvania on Detainer. (Parole Revocation Prehearing Assessment, Exh. 19). Petitioner was released with supervision on January 4, 2016, with a scheduled parole end-date of November 13, 2026. (Early Termination Worksheet. Exh. 16) On February 28, 2018, the Parole Commission conducted an early termination hearing with regard to Petitioner's parole; however, they did not choose to terminate it. (Early Termination Worksheet, Exh. 16).

On February 2, 2019, the parole commission issued a new warrant for Petitioner's arrest due to two parole violations: (1) Petitioner failed to report a change in residence, and (2) Petitioner failed to report to his supervising officer. (Exs. 17-18). This warrant was executed on May 31,

2019. (Parole Revocation Prehearing assessment, Exh. 19). On January 9, 2020, the Parole Commission conducted a parole revocation prehearing assessment, which prompted the Commission to offer Petitioner an "expedited revocation offer." (Prehearing Assessment, Exh. 19) (Expedited Revocation Proposal, Exh. 20). The Commission offered to revoke Petitioner's parole, and after a 14-month prison term, if he agreed to admit his guilt to the violations, the Commission would waive the revocation hearing and undergo various health and drug stipulations. (Expedited Revocation Proposal, Exh. 20). Petitioner agreed to these terms on February 27, 2020. (Response to Expedited Revocation Proposal, Exh. 21).

### IV.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2241, district courts have the authority to order the release of prisoners from unconstitutional conditions of confinement. *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 758-60 (3d Cir.1996). Generally, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See id*. at 760; *see also Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir.2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.") Exhaustion is required for three reasons: (1) it facilitates judicial review by allowing the appropriate agency to develop a factual record and to apply its expertise; (2) it conserves judicial resources; and (3) it fosters administrative autonomy by providing agencies the opportunity to correct their errors. *Garcia v. Gonzalez*, Civ. No. 3:CV-07-0047, 2007 U.S. Dist. LEXIS 8420, at *3 (M.D.Pa. Feb.6, 2007) (*citing Moscato*, 98 F.3d at 761-62). Exhaustion of administrative remedies, however, is not required where exhaustion would not promote these goals. In the instant case, respondent has not challenged Petitioner's exhaustion of his administrative remedies; therefore, this Court will turn to the merits of his petition. *See Soto v. Sherman*, No. C.A.05-316, 2006 WL 2583564, at *2-3 (W.D. Pa. Sept. 6, 2006).

A district court's review of a decision issued by the Commission is extremely deferential. *See Furnari v. Warden*, *Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 254 (3d Cir. 2000). The issue "is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence." *Id*. Rather, the dispositive question is "whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons." *Id*. (citation omitted). The Commission's explanation for its conclusions need not be comprehensive (i.e., addressing each factor and resolving each evidentiary conflict), but it must provide a general overview of the materials considered and the factors deemed dispositive in the particular case. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 107 S. Ct. 2415, 96 L.Ed.2d 303 (1987). The Court should focus its review on the process of decision, rather than the conclusion. So long as the Commission has followed appropriate and permissible criteria, and it has not reached an "arbitrary and capricious" finding, the decision should not be disturbed. *Funari*, 218 F.3d at 254.

## V.   DISCUSSION

### A.   Petitioner has waived his 90-day parole revocation hearing and he has not been prejudiced by its delay

Petitioner argues in his Motions to Amend that he did not receive a parole hearing within 90 days of his arrest, as required by 18 U.S.C. § 4214(c), until 8 months after his warrant was executed. (Mot. to amend. Dec. 20, 2019, ECF No. 7; Mot. to Amend. Jan. 21, 2020 ECF No. 10; Mot. to amend. Jan. 23, 2020, ECF No. 12; Pet'r Resp., 3, ECF No. 19). He argues that because he was not seen until 8 months after the execution of his warrant, Due Process and his Right to a Speedy Trial under the 5th and 6th Amendments were violated. (Mot. to amend. Dec. 20, 2019, ECF No. 7; Mot. to Amend. Jan. 21, 2020 ECF No. 10; Mot. to amend. Jan. 23, 2020, ECF No. 12; Pet'r Resp., 3, ECF No.19.) This argument is without merit.

Because Petitioner waived his right to such a hearing in his Expedited Revocation Agreement, this argument has no basis. Petitioner agreed to waive his right to the hearing in exchange for a 14-month sentence. (Resp. to Expedited Revocation Proposal, Exh. 21.) While no court within the Third Circuit speaks to the validity of such an agreement, this common agreement is recognized by courts of other jurisdictions to be binding. *See Rahim v. U.S. Parole Commission,* 77 F.Supp. 3d 140, 143-44 (D.D.C. 2015) (stating that the petitioner "cannot circumvent the bargain he struck by now seeking habeas relief."); *see also Martinez v. Langford*, No. CV 16–00360, 2017 WL 4863017, at *3 (C.D. Cal. Oct. 12, 2017) (R&R recommending petitioner's claim be denied because he waived his right to a hearing in the expedited parole revocation procedure) (adopted by *Martinez v. Langford*, No. 5 CV 16–00360, 2017 WL 4862758, at *1 (C.D. Cal. Oct. 26, 2017)).

The same bears true in the present case. Petitioner could have declined the agreement and sought a revocation hearing to challenge his parole violation. However, Petitioner agreed to the terms set by the Parole Commission. Petitioner must be held to this agreement; thus, the argument that he was denied a timely revocation hearing is without merit.

Even if Petitioner had not agreed to these terms, his claim lacks merit because while the length of time he spent in prison may have been unreasonable, he was not prejudiced by it. 18 U.S.C. § 4214(c) provides that any parole violator detained pursuant to subsection (b) shall receive a revocation hearing within ninety days of their detainment. 18 U.S.C. § 4214(c). To prevail on a Habeas Claim relating to a delay in this hearing, Petitioner must show that the delay in the hearing was <u>both unreasonable and prejudicial</u>. *See United States v. Iluonokhalumhe,* 788 Fed. Appx. 112, 115 (3d Cir. 2019) ("To determine whether delays in revocation proceedings or sentencing were unreasonable...[courts consider] (1) the length of the delay, (2) the reasons for the delay, (3) the

defendant's assertion of his right, (4) any prejudice suffered by the defendant, and (5) the reason why the defendant was in custody.").

Not all delays are unreasonable. For example, the Supreme Court has stipulated that a two-month delay is not unreasonable. *Morissey v. Brewer*, 408 U.S. 471, 488 (1972). Some district courts within the Third Circuit have found that delays of up to four months are not unreasonable. *Smith v. Jacobs*, No. CV 93-3733, 1994 WL 269264, at *4 (E.D. Pa. June 14, 1994). Others have found delays of nine months to be unreasonable. *U.S. ex rel. Burgess v. Lindsey*, 395 F.Supp. 404, 410-411 (E.D. Pa. 1975). In the case before this Court, Petitioner spent eight months in prison before hearing from the parole board in January of 2020. There is a good case to be made that this amount of time is unreasonable.

However, Petitioner was not prejudiced for the time he spent in prison. District courts within the Third Circuit have found that when a defendant admits their parole violations, an unreasonable delay in their parole hearing cannot be said to have prejudiced them. *See Maslauskas v. United States Board of Parole,* 639 F.2d 935, 938 (3d Cir. 1980) (affirming as not prejudicial a year and a half delay in holding a dispositional review on a parole violator warrant when the petitioner pled guilty to the state charges underlying the warrant).

Here, Petitioner signed the expedited parole proposal, which required him to admit he had violated his parole requirements. Thus, he has admitted his guilt to the violations and was not prejudiced by the length of the delay. Therefore, Petitioner's claim lacks merit and shall be dismissed.

**B. Petitioner's claim that he is owed a five-year hearing pursuant to Title 28 § 2.43 lacks merit.**

Petitioner argues in his Motions to Amend that he was denied a five-year early termination hearing; therefore, the agreement he made should be vacated, and this five-year hearing should be

provided. (Hab. Pet., 2 ECF No. 1; Mot. to amend Jan. 21, 2020, ECF No. 10.) He argues that he was owed this hearing in July of 2018 (following his re-parole in July of 2013) and that the lack of a revocation hearing violates Due Process and the Right to a Speedy Trial under the 5th and 6th Amendments. (Mot. to amend. Jan. 23, 2020, ECF No. 12). Petitioner relies on *Garafola v. Wilkinson* to argue in his response to the government that when a parolee is released to state detainer, this is the same as "supervised release" in 28 C.F.R. § 2.43(c) and therefore, he was owed a hearing five years after his detainer in July 2013. (Pet'r Resp., 3-4, ECF No. 19.) These arguments lack merit.

First, Petitioner waived his right to a revocation hearing in the Expedited Revocation Proposal. Thus, he is not entitled to the five-year revocation hearing. Even if Petitioner chose not to waive his right to a revocation hearing, his claim that he did not receive a five-year revocation hearing lacks merit.

28 C.F.R. § 2.43(c) states that "[f]ive years after *releasing* a prisoner *on supervision*, the commission shall terminate supervision over the parolee unless the Commission determines, after a hearing… that such supervision should not be terminated…" 28 C.F.R. § 2.43(c) (emphasis added). Petitioner cites *Garafola* to argue that when a parolee serves time on detainer, this five-year period begins.

*Garafola* held that when a federal prisoner is released to a state detainer, the prisoner's period of parole begins according to 28 C.F.R. 2.32(a)(2). *Garafola v. Wilkinson*, 721 F.2d 420, 426 (3d Cir. 1983). While this is true, parole is not the same as being "released on supervision" according to § 3.43(c). In *U.S. v. Johnson*,[3] the Supreme Court decided that the period of "supervised release" does not commence until the individual is actually released from

---

[3] This case was decided under 18 USCA § 3624. However, its holding is relevant to understanding the language of "supervised release" in parole statutes.

incarceration, and neither does the period start when a prisoner has finished one sentence running concurrently with a longer one. *U.S. v. Johnson,* 529 U.S. 53, 57 (2000). This is because Congress intended this period to help with rehabilitation in the community. *Id.* at 59. Thus, time in prison on detainer is not interchangeable with being released on supervision.

In the present case, Petitioner was merely re-paroled in July of 2013. Petitioner was not actually released until January 4, 2016. Thus, he was not owed a five-year revocation hearing by 2018, but by 2021. Therefore, this claim lacks merit.

### C. Petitioner points to no evidence that Respondent misplaced him.

Finally, the Court turns to the claim that Petitioner was misplaced by the Parole Commission in his Motion to Amend. (Mot. to Am. Jan. 23, 2020, ECF No. 12.) Petitioner claims that a caseworker informed him that the Parole Commission was unaware of his Detainment, and Petitioner claims that to be grounds for immediate release. (Mot. to Am., 2-3, Jan. 23, 2020, ECF No. 12.)

When deciding to grant a habeas petition, district courts must view the evidence "'in the light most favorable to the prosecution" and even if the record "supports conflicting inferences [the reviewing court] must presume...that the trier of fact resolved any such conflicts in favor of the prosecution." *Jackson v. Virginia*, 443 U.S. 307, 319, 326 (1979); *see Rodriguez v. Rozum*, 535 Fed. Appx. 125, 130 (3d. Cir. 2013). In the present case, Petitioner offers nothing but unsubstantiated allegations to support his claim that the Parole Commission was unaware of his detainment. Thus, his claim is meritless.

### VI. CONCLUSION

For the reasons set hereinabove, the petition for writ of Habeas Corpus is denied, and Petitioner's Motions to Amend are dismissed as moot. An appropriate Order follows.

BY THE COURT:


*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II     J.